J-S08007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JARVIS DANIEL SANDERS | |
| Appellant | No. 724 WDA 2015 |

Appeal from the Judgment of Sentence entered January 22, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0003577-2013

BEFORE:  STABILE, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 12, 2016**

Appellant, Jarvis Daniel Sanders, appeals from the judgment of sentence imposed on January 22, 2015 in the Court of Common Pleas of Erie County following his entry of no contest pleas to charges of aggravated assault and simple assault, 18 Pa.C.S.A. §§ 2702(a)(1) and 2701(a)(1), respectively.  Appellant contends the trial court improperly imposed a sentence in the aggravated range for the aggravated assault conviction and erred by failing to find that the simple assault conviction merged with the aggravated assault conviction.  Following review, we affirm.

In its Rule 1925(a) opinion, the sentencing judge explained:

On November 4, 2014, Appellant appeared before the [plea judge] and entered a no contest plea to count 1 (aggravated

assault) and count 7 (simple assault).[1]  Count 1 of the Criminal Information charged that on November 8, 2013, Appellant inflicted a subdural hematoma and/or brain edema and/or retinal hemorrhaging on his infant daughter.  Count 7 charged that on that same day, Appellant inflicted several rib fractures on his daughter.

On January 22, 2015, Appellant appeared before [the sentencing judge] and was sentenced to a term of 7 to 15 years' imprisonment at Count 1 (aggravated assault) and a concurrent term of 3 to 24[2] months' imprisonment at [C]ount 7 (simple assault).  On January 26, 2015, Appellant filed a timely Motion for Reconsideration of Sentence, which was denied by the [sentencing judge] on April 30, 2015.

Trial Court Opinion, 7/6/15, at 1-2 (record citation and footnotes omitted).[3]

Appellant filed a timely statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b) raising two issues that he rephrases for this appeal as follows:

[1.] Did the lower court violate the fundamental norms which underlie the Sentencing Code in sentencing [Appellant] in the aggravated range and thereby failing to take into consideration [Appellant's] lack of criminal record and a lack of evidence for the reasoning set forth on the record for placing the sentence in the aggravated range?

_____

[1] The Commonwealth *non prossed* the remaining five counts as part of the plea agreement.

[2] As reflected in the sentencing transcript, the sentence imposed for Count 7 was actually "three to 60 months," concurrent with the sentence imposed for Count 1.  Notes of Testimony, Sentencing, 1/22/15, at 37.

[3] The sentencing judge shall be referred to as the trial court throughout the remainder of this Memorandum.

[2.] Did the lower court commit reversible error in failing to merge the simple assault and aggravated assault counts for sentencing purposes?

Appellant's Brief at 1.

Appellant's first issue presents a question involving the discretionary aspects of sentencing. In **Commonwealth v. Allen**, 24 A.3d 1058 (Pa. Super. 2011), this Court stated:

> Our review of discretionary aspects of sentencing claims implicates the following principles:
>
>> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. . . . An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. . . . The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.
>
> **Commonwealth v. Walls**, 592 Pa. 557, 926 A.2d 957, 961 (2007) (internal citations omitted). Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903;

> (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006).

*Id.* at 1064.[4]

Appellant filed a timely notice of appeal, satisfying the first prong of the test for challenging the discretionary aspects of sentence. As for the second prong, the trial court contends Appellant did not did not preserve the issue because his motion for reconsideration of sentence requested only the merger of his Count 7 sentence with his Count 1 sentence. Trial Court Opinion, 7/6/15, at 3. However, our review of the motion reveals that Appellant did ask the trial court to modify the sentence on Count 1 to one in the standard range. Motion for Reconsideration, 1/26/15. Therefore, Appellant has satisfied the second prong by preserving the issue in his motion for reconsideration of sentence. We next consider whether there is a fatal defect in his brief. We conclude there is not, as Appellant has

---

[4] Pa.R.A.P. 2111(a)(3) requires that an appellant's brief include a statement of the applicable scope and standard of review. This does not mean that counsel is to define scope and standard of review, as Appellant's counsel has done in the brief filed in this case. Rather, it means that counsel is to advise the appellate court of the scope of review and standard of review applicable to an appellant's case, for example, as here, where the scope of review for Appellant's first issue—discretionary aspects of sentence—is plenary, **see, e.g., Walls**, 926 A.2d at 961 n.2, and the standard of review is abuse of discretion. **Id.** at 961; **Allen**, 24 A.3d at 1064.

included a statement of reasons for reviewing the discretionary aspects of sentence, satisfying the requirements of Pa.R.A.P. 2119(f). Therefore, we must determine whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

In his Rule 2119(f) statement, Appellant claims he has raised a substantial question, arguing his sentence was excessive "in that it was not individualized, as mitigating factors were not taken into account. The specific portion of the Code violated was 42 Pa.C.S. § 9781, which requires that a sentence not be clearly unreasonable." Appellant's Brief at 4. A substantial question will be found if it can be shown that the sentence was inconsistent with a specific provision of the Sentencing Code or if it is contrary to the fundamental norms that underlie the sentencing process. *See, e.g., Commonwealth v. Mouzon*, 812 A.2d 617, 621 (Pa. 2002). Here, Appellant asserts the trial court improperly imposed a sentence in the aggravated range when Appellant "had no criminal history. The [c]ourt failed to take into account factors which would have placed the sentence in a standard range." Appellant's Brief at 4. We find Appellant has raised a plausible substantial question. *Mouzon*, 812 A.2d at 621-22. Therefore, we shall consider his discretionary aspects claim.

Appellant complains that his sentence was harsher than required to be "consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of [Appellant]." Appellant's Brief at 4. We disagree.

- 5 -

At the sentencing hearing, the trial court explained its rationale for going above the standard range as follows:

Whatever happened here, [Appellant] - - something went terribly wrong. I need to read from what the doctor wrote. "Kamryn had a long protracted hospital course with many complications. She eventually went to Children's Home for continued therapy after her discharge. Kamryn's head CT looks terrible. She has brain atrophy and abnormal EEG leads. The severe brain injury that she has is permanent. Additionally, it is unlikely she will ever see again." And Miss Lambert indicates there may be some vision. How useful it is, we don't know. "She requires all of her nutrition by a "G" tube." And now we have a child that cannot, and will never feed herself. "She is incapable of eating." Indeed, to my eye, the child is incapable of performing most of the basic functions of life that constitutes autonomy and joy. "Kamryn will be dependent for her care for the greater portion for the rest of her life."

"In review of her injuries - - subdural hematomas, multiple healing and fresh rib fractures and a tibia fracture - - It is my assessment medically that Kamryn has been the victim of abusive head trauma. And she is the victim of child abuse. And notably, the healing rib fractures on her first day in November will tell us that she had been the victim of physical child abuse on more than one occasion."

"Kamryn's injuries are so severe and permanent, I cannot imagine the amount of violence and pain that this young infant had to endure in her short life."

One of the more chilling things I've ever had to read. And in my view, the injuries inflicted on this child come close to the most severe I've seen in a serious bodily injury case.

[Appellant] - - I'll grant you all the things that can be said on his behalf. But here the sentence is driven, not by the defendant's character or his past, but by the horror of what occurred to this child. And it's that that the sentence must speak to. I note the guidelines here of 36 to 54 months; but my conclusion is the defendant, notwithstanding a good background, demonstrated a hardness of heart, a wickedness of deposition, a mind totally bereft of his duty of parent to a child, and inflicted horrific

- 6 -

injuries on the child from which she will never recover. This is an act short - - short of murder. It's hard to fathom his intent. That he intended or was he just reckless? The statute captures both.

But here it's the [c]ourt's view that the injuries inflicted on the child and the degree of injuries and her youth, go outside the guidelines and a sentence of 34 - - 36 to 54 [] months are not appropriate to capture the severity of what occurred here. So I'm going to depart from the guidelines. I'm going to find these injuries and their extensiveness, and as Ms. Lambert laid out, on a child so young by a parent does warrant a sentence above the guidelines.

Notes of Testimony, Sentencing, 1/22/15, at 34-37.

In the Rule 1925(a) opinion, the trial court further explained:

Despite Appellant's argument to the contrary, this [c]ourt did not err in considering evidence of the victim's extensive injuries and exhaustive medical treatment. "Sentencing courts may consider evidence that might not be admitted at trial." **Commonwealth v. Charles**, 488 A.2d 1126, 1129 (Pa. Super. 1985) (citation omitted). "[F]actors that are not specific elements of an offense may be considered by the sentencing court in imposing its sentence." **Commonwealth v. Perry**, 32 A.3d 232, 242 (Pa. 2011). Furthermore, "[e]ven if a sentencing court relies on a factor that should not have been considered, there is no abuse of discretion when the sentencing court has significant other support for its departure from the sentencing guidelines." **Commonwealth v. Sheller**, 961 A.2d 187, 192 (Pa. Super. 2008) (citation omitted).

The sentence was tailored to Appellant's individual situation and the reasons for the sentence imposed were clearly set forth on the record. Any lesser sentence would have depreciated the nature of the offense and "diminish[ed] what's been taken from this child, which is in the [c]ourt's view, everything short of life itself." N.T. Sentencing, 01/22/15, at 37. Because Appellant's sentence was within the statutory limits and not manifestly excessive, there was no sentencing error.

Trial Court Opinion, 7/6/15, at 6-7. We agree. As our Supreme Court has recognized, "Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision." ***Walls***, 926 A.2d at 961-62 (footnote and citations omitted). The trial court, with the benefit of a pre-sentence report, devised a sentence the court believed was appropriate for Appellant, despite his lack of a prior record, and was warranted by the severity of the crime. We find no abuse of discretion in the trial court's imposition of Appellant's sentence above the standard range but within statutory limits. Appellant's first issue fails.

In his second issue, Appellant contends the trial court committed an error of law for failure to merge the simple assault and aggravated assault counts for sentencing purposes. As a challenge to the legality of sentence, the standard of our review is *de novo* and the scope of our review is plenary. ***See, e.g., Commonwealth v. Hawkins***, 45 A.3d 1123, 1130 (Pa. Super. 2012).

> With respect to merger of sentences, 42 Pa.C.S.A. § 9765 provides:
>
> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. In **Commonwealth v. Baldwin**, 985 A.2d 830 (Pa. 2009), our Supreme Court stated, "The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." **Id.** at 833.

In **Commonwealth v. Williams**, 958 A.2d 522 (Pa. Super. 2008, this Court reiterated:

> [I]n all criminal cases, the same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses. The Supreme Court further defines "the same facts" as follows: any act or acts which the accused has performed and any intent which the accused has manifested, regardless of whether these acts and intents are part of one criminal plan, scheme, transaction or encounter, or multiple criminal plans, schemes, transactions or encounters. Regarding the consideration of greater and lesser included offenses, if each offense requires proof of a fact which the other does not, the offenses are not the same for double jeopardy and merger purposes, even though arising from the same conduct or episode.

**Id.** at 527 (internal quotations, citations, and brackets omitted).

Here, the trial court conceded that the elements of simple assault are included within the statutory elements of aggravated assault. Trial Court Opinion, 7/6/15, at 8. However, with regard to whether the crimes arose from a single act, "[a] determination must be made on whether Appellant's actions 'constituted a criminal act,' with reference to elements of the crime **as charged by the Commonwealth**." **Id.** (emphasis in original) (citing **Commonwealth v. Jenkins**, 96 A.3d 1055, 1060 (Pa. Super. 2014)).

The trial court looked to the criminal information, which charged Appellant with aggravated assault for "caus[ing] the victim to sustain a subdural hematoma and/or brain edema and/or retinal hemorrhaging," and simple assault for "caus[ing] the victim to sustain several rib fractures." *Id.* at 9 (quoting Criminal Information, 1/23/14). The trial court concluded that, "[d]espite Appellant's argument to the contrary, this case involved multiple acts. Appellant squeezed the victim and also shook her three times, causing her to suffer two distinct injuries." *Id.*

> When considering whether there is a single criminal act or multiple criminal acts, the question is not whether there was a 'break in the chain' of criminal activity. This issue is whether the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime, then the actor will be guilty of multiple crimes which do not merge for sentencing purposes.

Trial Court Opinion, 7/6/15, at 8 (citing ***Commonwealth v. Pettersen***, 49 A.3d 903, 912 (Pa. Super. 2012) (internal citations and quotation marks omitted)). The trial court therefore concluded, "Appellant was appropriately sentenced at Count 7." *Id.*

We agree with the trial court's characterization of this issue as a "close call." *Id.* (quoting Notes of Testimony, Sentencing, 1/22/15, at 19). However, based on our review, we also agree that the crimes charged involved separate criminal acts such that the crimes do not merge for sentencing purposes. Therefore, Appellant's second issue fails.

Judgment of sentence affirmed.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/12/2016