**COMMONWEALTH of Pennsylvania, Appellee**

**v.**

**Michael T. WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 19, 2008.

Filed Sept. 29, 2008.

Cheryl A. Sobeski-Reedy, Public Defender, Wilkes-Barre, for appellant.

David W. Lupas, Assistant District Attorney, Wilkes-Barre, for Commonwealth, appellee.

BEFORE: PANELLA, SHOGAN, and KELLY, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Michael T. Williams, appeals from the judgment of sentence entered on April 30, 2007, by the Honorable Peter Paul Olszewski, Jr., Court of Common Pleas of Luzerne County. After careful review, we affirm.

¶ 2 On June 18, 2005 Williams was placed in custody after he presented police with a false identification while they were responding to a reported fight. At the police station, while the officers searched Williams incident to his arrest, they observed two individually wrapped baggies containing wafers of cocaine fall from his right sock. Two officers struggled with Williams to retrieve the evidence; they were able to retrieve one of the bags, although Williams was able to swallow the other.

¶ 3 Police then obtained a search warrant for Williams' vehicle, which was located in the parking area of the hotel at which he was staying. They used the keys obtained from him at the time of his arrest to open the vehicle. The officers removed a large speaker box in the trunk where they found a bag inside the box that contained eight individually packed knotted plastic baggies containing crack cocaine totaling 22.4 grams. Police also found one single rock of crack cocaine within a plastic bag, totaling 1.9 grams, located on the rear passenger floor behind the driver's seat. The packets of cocaine found in the car matched those found on Williams.

¶ 4 Williams' trial was scheduled for January 12, 2006. The trial court issued *writs of capias* on January 9, 2006 and January 19, 2006 for Williams' failure to appear in court on two separate occasions: he had failed to comply with the conditions of bail and then he failed to appear for trial. The Luzerne County Sheriff's Department entered the *writs of capias* into the National Crime Information Center system and, on January 23, 2006, discovered that Williams was incarcerated in Monroe County, New York, for a violation of bail. The Sheriff's Department notified the Luzerne County District Attorney's Office of Williams' whereabouts on this date. Thereafter, on February 4, 2006, the Sheriff's Department sent a letter requesting the District Attorney's Office to apply for a Governor's Warrant to extradite Williams.

¶ 5 Detective Christopher Lynch of the Luzerne County District Attorney's Office testified, through the use of habit evidence, that he believed he requested a Governor's Warrant on October 30, 2006 after he had been advised that Williams had finished serving his sentence in New York. On December 6, 2006, the District Attorney's Office received the requisition from the Governor's Office, and on December 18, 2006, the New York Governor's Office authorized the extradition. The New York Supreme Court, Monroe County, also authorized the extradition on January 8, 2007. The Sheriff's Department returned Williams to Pennsylvania on January 18, 2007.

¶ 6 Immediately before the beginning of his scheduled trial on February 5, 2007, Williams made an oral Motion to Dismiss, claiming the Commonwealth had failed to comply with Rule 600 of the Pennsylvania Rules of Criminal Procedure. The trial court dismissed Williams' Rule 600 motion, finding that there were a sufficient number of excludable days to remain in compliance with Rule 600. Subsequent to a trial by jury on February 6, 2007, Williams was acquitted on the charge related to the 22.4 grams of cocaine in the trunk but was convicted of two counts of possession of a controlled substance,[1] tampering with or fabricating physical evidence,[2] and false identification to law enforcement.[3] On April 30, 2007 the trial court sentenced Williams to an aggregate term of 27 to 54 months imprisonment. This timely appeal followed.

¶ 7 On appeal, Williams raises the following issues for our review:

1. Whether the Defendant's right to a speedy trial was violated?
2. Whether two counts of possession of a controlled substance, specifically cocaine, merge for sentencing purposes, when stemming from the same criminal transaction and all of the statutory elements of one offense are included in the statutory elements of the other?

Appellant's Brief, at 3.

■ ¶ 8 In his first issue on appeal, Williams claims Rule 600 of the Pennsylvania Rules of Criminal Procedure was violated by the Commonwealth's delay in extraditing him for trial after he had fled to New York before his scheduled trial. Charges may only be dismissed under Rule 600 when the defendant is on bail and the trial does not commence within "365 days from the date on which the complaint is filed." Pa.R.Crim.P., Rule 600(A)(3), 42 Pa. Cons.Stat. Ann. However, Rule 600 explicitly contemplates periods of time that

1. 35 Pa. Stat. § 780-113(a)(16).

2. 18 Pa. Cons.Stat. Ann. § 4910-1.

3. 18 Pa. Cons.Stat. Ann. § 4914(a).

may be excluded in calculating compliance with the rule. Rule 600 provides, in pertinent part, the following:

> (C) In determining the period for commencement of trial, there shall be excluded therefrom:
>
> (1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;
>
> (2) any period of time for which the defendant expressly waives Rule 600; such period of delay at any state of the proceedings as results from:
>
> (a) the unavailability of the defendant or the defendant's attorney;
>
> (b) any continuance granted at the request of the defendant or the defendant's attorney.

Pa.R.Crim.P., Rule 600(C), 42 PA. CONS. STAT. ANN.

¶ 9 AS has been stated, the "mechanical run date is the date by which the trial must commence under Rule 600," and it is "calculated by adding 365 days ... to the date on which the criminal complaint is filed." *Commonwealth v. McNear,* 852 A.2d 401, 406 (Pa.Super.2004). The mechanical run date based on the June 18, 2005 criminal complaint was June 19, 2006. Accordingly, Williams' originally scheduled trial date of January 12, 2006 was well within compliance. Furthermore, where the defendant "voluntarily absented himself from his scheduled trial," such "voluntary absence from a day set for trial within Rule 1100 [4] is a waiver of that rule." *Commonwealth v. Williams,* 726 A.2d 389, 393 (Pa.Super.1999), *appeal denied,* 560 Pa. 745, 747 A.2d 368 (1999) (quotation omitted). "Where the defendant is on bail and has notice of his obligation to appear and fails to do so, a concept of due diligence in apprehending the fugitive is misplaced in a speedy trial analysis." *Commonwealth v. Taylor,* 340 Pa.Super. 87, 489 A.2d 853, 858 (1985). Upon waiving any claim under Rule 600, the date for trial thereafter must be "at the reasonable convenience of the court and the prosecuting authorities." *Williams,* 726 A.2d at 392 (internal quotation omitted).

¶ 10 At the evidentiary Rule 600 hearing conducted on February 5, 2007, the Commonwealth did not argue that Williams had waived his claims under Rule 600. However, it is well established that "the Commonwealth owed no duty to exercise due diligence" when the defendant "committed a willful act in dereliction of a serious societal duty after having been subjected to process of court." *Taylor,* 489 A.2d at 857. The record easily demonstrates that Williams refused to comply with the conditions of bail and failed to appear for two separate court dates.

> Where a defendant undertakes to accept the status of bail during the pendency of court proceedings he assumes the responsibility of making himself available for any court appearances required of him.... To focus solely upon the conduct of the Commonwealth not only ignores the defendant's dereliction of an obligation, but also places him in the position of possibly benefiting from his own wrongdoing.

*Commonwealth v. Baird,* 919 A.2d 258, 261 (Pa.Super.2007), ***appeal granted in part,*** 593 Pa. 517, 932 A.2d 874 (2007) (quotation omitted). Similarly, "To hold that the appellant ... is entitled to the same standard of due diligence that we would afford an appellant who accepts his confinement without flight or one who diligently ap-

4. Renumbered Pa.R.Crim.P., Rule 600, effective April 1, 2001.

pears for his arraignment is contrary to reason and authority." *Taylor,* 489 A.2d at 860. Applying Rule 600 to Williams' benefit when he failed to appear for trial "is obviously not the type of harm envisioned in the protections sought to be afforded by the speedy trial guarantee." *Baird,* 919 A.2d at 262 (quotation omitted).

¶ 11 Therefore, in determining when trial must be held in circumstances where defendants "voluntarily absent themselves, for whatever reason, they go to the end of the line and must wait their turn after the convenience of the others their absence delayed. We cannot, with limited facilities, let one set the rules according to their ... wrong." *Williams,* 726 A.2d at 393 (quotation omitted). The time between January 9, 2006, when Williams first failed to appear for his court date, and January 23, 2006, when he was arrested in New York for violation of bail on a separate offense, is excluded because Williams' "whereabouts were unknown and could not be determined by due diligence." Pa.R.Crim. P., Rule 600(C)(1), PA. CONS.STAT. ANN. After it became clear due to the efforts of the Luzerne County Sheriff's Department that Williams had absconded, and that he was incarcerated in New York and was contesting extradition, the Luzerne County District Attorney's office initiated extradition proceedings and had a duty to bring Williams to trial at its "reasonable convenience."

¶ 12 According to the testimony of Detective Christopher Lynch and the evidence offered by the Commonwealth at the Rule 600 hearing, "based upon Detective Lynch's habit of expediting extradition procedures" the Commonwealth contends "that the responding State of New York had refused to surrender the Defendant to Pennsylvania." Appellee's Brief, at 3. The Assistant District Attorney posed the following questions to Detective Lynch during the Rule 600 hearing:

Q. Okay. And that normally if a prisoner has to serve a sentence in another state, alright, would you process the paperwork on an extradition if they simply had to serve another sentence?

A. No.

Q. Alright. And would you begin to process the requisition request once you had received information from whatever source that he had been released or he was gong to be let out of jail; would you then process the requisition?

A. Absolutely.

Q. All right. And in this particular case, did you, in fact, process the application for requisition?

A. Yes, I did.

N.T., 2/5/07, at 67–68.

¶ 13 After the Governor of Pennsylvania, the Governor of New York, and the New York Supreme Court, Monroe County, agreed to the extradition, the Commonwealth swiftly brought Williams to Pennsylvania, where his second trial date was scheduled to occur within a matter of weeks. Given the additionally lengthy extradition procedure involved when the defendant contests extradition, the "actual trial date was at the reasonable convenience of the trial court and the Commonwealth." *Williams,* 726 A.2d at 393 (citation omitted).

¶ 14 Since Williams voluntarily absented himself from his scheduled trial, the "delay is directly attributable to the fact that he was in a bail status, and not in custody, and that he deliberately abused that prerogative." *Taylor,* 489 A.2d at 858 (quotation omitted). Applying Rule 600 in this instance would not further the "two equally important functions" of protecting the speedy trial rights of the accused and of protecting society. *Commonwealth v.*

*Staten,* 950 A.2d 1006 (Pa.Super.2008). "In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it." *Id.* This Court has held that where a defendant acts in "willful dereliction of a duty" to the court and then attempts to rely on Rule 600, "we refuse to overextend the protections afforded by that Rule in a manner that would enable it to be used as a sword to allow the accused to benefit from his own misconduct." *Taylor,* 489 A.2d at 859 (quotation omitted). Accordingly, we conclude that Williams' first issue on appeal merits no relief.

¶ 15 On his second issue on appeal, Williams argues that the trial court should have applied the merger doctrine and sentenced him concurrently instead of consecutively for the two counts of possession of cocaine. He claims that although the cocaine was located in two different places—1.9 grams were found in Williams' car behind the driver's seat and 0.31 grams were kept on his person in his sock—the fact that both counts involve cocaine should require these charges to be merged for sentencing purposes.[5]

¶ 16 "A claim that the trial court imposed an illegal sentence by failing to merge sentences is a question of law. Accordingly, our standard of review is plenary." *Commonwealth v. Snyder,* 870 A.2d 336, 349 (Pa.Super.2005) (quotation omitted). The merger doctrine is essentially "a rule of statutory construction designed to determine whether the legislature intended for the punishment of one offense to encompass that for another offense arising from the same criminal act or transaction." *Commonwealth v. Anderson,* 538 Pa. 574, 577, 650 A.2d 20, 21 (1994), ***decision modified on denial of reargument,*** 539 Pa. 476, 653 A.2d 615 (1994). The Supreme Court, affirming its earlier decision in *Commonwealth v. Williams,* 521 Pa. 556, 559 A.2d 25 (1989), held in *Anderson,* 650 A.2d at 22: "in all criminal cases, the same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses." The Supreme Court further defines "the same facts" as follows:

> any act or acts which the accused has performed and any intent which the accused has manifested, regardless of whether these acts and intents are part of one criminal plan, scheme, transaction or encounter, or multiple criminal plans, schemes[,] transactions or encounters.

*Id.,* at 24. Regarding the consideration of greater and lesser included offenses, "[i]f each offense requires proof of a fact which the other does not, the offenses are not the same for double jeopardy [and merger] purposes, even though arising from the same conduct or episode." *Id.*

¶ 17 In this case, we agree with the trial court that the merger doctrine was not properly implicated. "If the offenses stem from two different criminal acts, merger analysis is not required." *Commonwealth v. Healey,* 836 A.2d 156, 157–158 (Pa.Super.2003). Although the elements of possession of a controlled substance are obviously identical because Williams was convicted of two counts of the same crime, the facts underlying each crime are totally separate and constitute two different criminal acts. The elements of the two counts of the crime for which Williams was convicted are as follows:

5. Pennsylvania caselaw has consistently established that merger is a nonwaivable sentencing issue. *Commonwealth v. Ede,* 949 A.2d 926 (Pa.Super.2008).

> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> (16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

35 Pa.Stat. § 780–113(a)(16). Williams' convictions are based on his possession of cocaine in two different locations and of two different amounts. As the trial court noted, "this is not a case where the Commonwealth charged separate counts of possession ... that [the] Defendant possessed crack cocaine both in his socks and pants pocket at the time of arrest." Trial Court Opinion, at 13. When arrested on the street, Williams possessed 0.31 grams of cocaine wafers in his sock. After the police confiscated his keys, only then did they find a 1.9 gram rock of cocaine hidden in his car, which was parked in a separate location at the hotel parking lot. Such crimes do not implicate the types of considerations the merger doctrine contemplates, as it cannot be reasonably asserted that the legislature intended the punishment for one such crime to encompass the other.

¶ 18 Furthermore, even if it could be argued, due to our Supreme Court's broad definition of "the same facts," that the crimes committed in this case should be considered under the merger doctrine analysis, the counts of possession do not constitute "greater and lesser included offenses" and so should be sentenced separately. Possession of cocaine in two separate locations simply does not satisfy the Supreme Court's definition of greater and lesser included offenses. An appropriate application of the merger doctrine, due to the legitimate existence of greater and lesser included offenses is set out as follows:

> An example of two crimes arising from the same transaction constituting the same offense is possession, 35 Pa.C.S.A. § 780–113(a)(16), and possession with intent to deliver, 35 Pa.C.S.A. § 780–113(a)(30). The proof necessary to convict a defendant of possession with intent to deliver includes proving all of the elements of possession. Thus, possession is a lesser included offense of possession with intent to deliver and the former merges with the latter for sentencing purposes.

*Commonwealth v. Swavely,* 382 Pa.Super. 59, 554 A.2d 946, 949 n. 3 (1989), ***appeal denied,*** 524 Pa. 619, 571 A.2d 382 (1989). No such analogous situation exists in this case where two separate counts of possession for two separate incidents are involved.

¶ 19 For the foregoing reasons, the Commonwealth did not violate Rule 600 and the trial court did not err in imposing consecutive sentences for the two counts of possession.

¶ 20 Judgment of sentence affirmed. Jurisdiction relinquished.