J. A26003/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| AARON F. HARRIS JR., | : | No. 360 MDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, January 9, 2015,
in the Court of Common Pleas of Centre County
Criminal Division at No. CP-14-CR-0001185-2014

BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND PLATT,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED NOVEMBER 06, 2015**

Aaron F. Harris, Jr., appeals from the judgment of sentence of

January 9, 2015, following his conviction of two counts of delivery of a

controlled substance and one count each of possession with intent to deliver,

criminal use of a communication facility, and criminal conspiracy.[1]  We

affirm.

The trial court summarized the facts of this case as follows:

> In the instant case, the testimony showed
> [appellant] possessed heroin with the intent to
> deliver over the span of the days between
> October 31, 2012 and November 5, 2012, which led
> to the charge of Possession With Intent to Deliver.
> Evidence also showed appellant completed two

---

* Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. §§ 7512(a) and 903,
respectively.

deliveries to Timothy Wilson on October 31, 2012 and November 2, 2012, for which he was charged with two counts of Delivery of a Controlled Substance.

. . . .

[I]ntercepted text messages and calls, surveillance video, and eyewitness testimony also showed appellant possessed heroin with the intent to deliver on November 3, 2012 and that the heroin appellant possessed was ultimately delivered to individuals at a nearby school and the Arena Bar and Grill that evening by appellant and Mr. Wilson.

Contacts between appellant and Mr. Wilson established appellant was bringing heroin to Mr. Wilson that day, and Mr. Wilson had several individuals who wished to purchase said heroin. Once appellant arrived at Mr. Wilson's home, a phone call was intercepted between Mr. Wilson and a Melissa Colby. During that phone call, Mr. Wilson indicated he had just received heroin from Appellant and would be using the heroin himself to test the quality.

Approximately a half hour later, another phone call was intercepted in which Mr. Wilson and Ms. Colby make arrangements for Mr. Wilson and appellant to meet her at a nearby school for a heroin purchase, after he takes heroin to his paramour, Colleen Berrigan, who is working at the Arena Bar and Grill. Shortly after that phone call, Mr. Wilson and appellant were observed exiting appellant's vehicle at the Arena and entering the restaurant. After appellant and Mr. Wilson left the Arena Bar and Grill, another phone call was intercepted in which Mr. Wilson indicated to Ms. Colby they had arrived at the Fairmont school. Ms. Colby indicated she would be along in a few moments to pick up the heroin.

Evidence also demonstrated appellant possessed heroin with the intent to deliver on November 5, 2012, and did in fact deliver it to Mr. Wilson at his

residence. Again, phone calls and text messages were intercepted between Mr. Wilson and appellant indicating appellant was traveling to State College with heroin for Mr. Wilson to distribute. Later messages indicated the vehicle appellant was driving had a flat tire and the vehicle was consequently towed to a garage in Milesburg for repair. Mr. Wilson contacted appellant approximately a half an hour later via text message, asking if the vehicle had [been] repaired yet as he still had several people waiting to make heroin purchases.

Later that evening, the vehicle appellant was driving was observed leaving Milesburg, stopping at a gas station, then leaving the gas station and turning onto Mr. Wilson's street, at which point surveillance was discontinued. The next day, Mr. Wilson left a voicemail for appellant, indicating there are many individuals in town who still wish to purchase heroin and it would be worthwhile for appellant to return to State College with more heroin.

Trial court opinion, 4/9/15 at 2-3.

At the conclusion of a bench trial on October 27, 2014, appellant was found guilty of the above offenses, and was sentenced to an aggregate of 64-200 months' imprisonment. The trial court denied appellant's post-sentence motion on February 17, 2015. Appellant filed a notice of appeal with the trial court on February 23, 2015, and complied with the trial court's order requiring appellant to produce a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). The trial court then filed its opinion on April 9, 2015.

Appellant raises the following issues for our review:

> 1. Whether the sentence for Count Number 1, Possession with Intent to Deliver Controlled

> Substance, merges with sentences for Count Numbers 3 and 4, Delivery of a Controlled Substance.
>
> 2. Whether the trial court abused its discretion by admitting the testimony of Thomas Moore, a so-called "expert witness" in the field of coded language.

Appellant's brief at 12.

Our first issue is whether appellant's sentence for possession with intent to deliver controlled substance should merge with his two sentences for delivery of a controlled substance.

A question of sentence merger goes to the legality of the sentence itself. Our standard of review is well settled: "A challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction." *Commonwealth v. Conaway*, 105 A.3d 755, 761 (Pa.Super. 2014), *appeal denied*, 118 A.3d 1107 (Pa. 2015), citing *Commonwealth v. Munday*, 78 A.3d 661, 664 (Pa.Super. 2013) (citations omitted). Claims involving sentence merger invoke the legality of the sentence. *Id.*

Pursuant to the Sentencing Code, merger takes place when "crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense." 42 Pa.C.S.A. § 9765. This court previously stated that, "in all criminal cases, the same facts may

support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses." ***Commonwealth v. Williams***, 958 A.2d 522, 527 (Pa.Super. 2008), quoting ***Commonwealth v. Anderson***, 650 A.2d 20, 22 (Pa. 1994), ***decision modified on denial of reargument***, 653 A.2d 615 (Pa. 1994). Our supreme court defined "same facts" as "any act or acts which the accused has performed and any intent which the accused has manifested, regardless of whether these acts and intents are part of one criminal plan, scheme, transaction or encounter, or multiple criminal plans, schemes[,] transactions or encounters." ***Id.*** at 24. Specific to the offenses charged in this case, possession with the intent to deliver a controlled substance will merge with delivery of a controlled substance as a lesser included offense. ***Commonwealth v. Edwards***, 449 A.2d 38, 39 (Pa.Super. 1982). Sentences, however, will not merge when "the offenses stem from two different criminal acts." ***Williams***, 958 A.2d at 527 (citation omitted).

In the instant appeal, the Commonwealth established beyond a reasonable doubt that appellant was guilty of counts 3 and 4, both of which were delivery of a controlled substance. Appellant conceded that he completed two separate transactions to Timothy Wilson on October 31, 2012 and November 2, 2012. (Appellant's brief at 19-20.) Appellant also conceded to the fact that the possession with intent to deliver charge was applicable to appellant's conduct from October 31 through November 5,

despite the fact that appellant was not charged for delivery of a controlled substance for transactions taking place on November 3 or November 5. (***Id.*** at 20.) Therefore, appellant's first issue is without merit.[2]

The second issue for our review is whether the trial court erred by admitting Thomas Moore's testimony as an expert witness in the field of coded language. Our standard for the admission of expert testimony involving coded language in drug transactions is as follows:

> [T]he admission of evidence is within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. ***Commonwealth v. Begley***, 780 A.2d 605, 620 (Pa. 2001). In narcotics investigations involving legally intercepted telephone conversations, expert testimony regarding the cryptic language used is permissible. ***See Commonwealth v. Huggins***, 68 A.3d 692

---

[2] Although not raised as a separate issue, appellant claims that the trial court did not have subject matter jurisdiction over this case because appellant was never put on notice relating to the delivery of heroin on either November 3 or November 5. (Appellant's brief at 20.) This claim is not only waived, but it is simply without merit. While appellant was not charged with delivery of a controlled substance for any transaction on either November 3 or November 5, appellant had sufficient notice based on the Commonwealth's criminal information. The information stated the following:

> That [appellant] did unlawfully, willfully and feloniously possess with intent to deliver a controlled substance; that is, between on or about October 31, 2012 and November 5, 2012, in and around State College, Centre County, Pennsylvania, [appellant], a person not authorized by law to possess or deliver the controlled substance set forth herein, did feloniously possess with intent to deliver and did deliver heroin, a Schedule I Controlled Substance in Centre County, Pennsylvania . . .

R. 272.

> (Pa.Super. 2013) (drug enforcement agent permitted to testify as both an expert, for the limited purpose of decoding drug jargon, and a layperson, regarding his personal perceptions during the investigation and opinion that defendant was one of the parties to the intercepted telephone calls); ***Commonwealth v. Doyen***, 848 A.2d 1007, 1014 (Pa.Super. 2004) ("the coded and encrypted language utilized by drug traffickers" is an appropriate subject for expert testimony); ***Commonwealth v. Vitale***, 664 A.2d 999, 1001 (Pa.Super. 1995) (same). The standard for qualifying an expert witness is a liberal one: the witness need only have a reasonable pretension to specialized knowledge on a subject for which expert testimony is admissible. ***Commonwealth v. Riffert***, 549 A.2d 566, 576 (Pa.Super. 1988), ***appeal denied***, 562 A.2d 825 (Pa. 1989). The witness' expertise may be used in practical, occupational, or other experiential training; it need not have been gained through academic training alone. ***Id.***

***Commonwealth v. Kinard***, 95 A.3d 279, 288 (Pa.Super. 2014) (***en banc***).

Appellant raises the fact that the Commonwealth never provided an expert report on coded language in drug transactions. The Pennsylvania Rules of Criminal Procedure require the Commonwealth to disclose "any results or reports of scientific tests, expert opinions, and written or recorded reports of polygraph examinations or other physical or mental examinations of the defendant that are ***within the possession or control*** of the attorney for the Commonwealth." Pa.R.Crim.P. 573(B)(1)(e) (emphasis added). The Rule further states that when the Commonwealth is calling an expert witness who has not prepared a report, the trial court ***may***, upon motion,

> order that the expert prepare, and that the attorney for the Commonwealth disclose, a report stating the

> subject matter on which the expert is expected to testify; the substance of the facts to which the expert is expected to testify; and a summary of the expert's opinions and the grounds for each opinion.

Pa.R.Crim.P. 573(B)(2)(b).

The Commonwealth's argument that it is not required to provide expert opinions and reports that are not in its possession or control, unless ordered to do so by the trial court, is buttressed by the comments to the Rules of Criminal Procedure. "[T]he trial judge has discretion, upon motion, to order an expert who is expected to testify at trial to prepare a report. However, these provisions are not intended to require a prepared report in every case." Pa.R.Crim.P. 573 Comment. We agree with the Commonwealth in that appellant's loose interpretation of the rule would require a written report to be produced in every case, which is contrary to the plain language of the rule affording the trial judge discretion over whether to require an expert report be produced. (**See** Commonwealth's brief at 14.)

In the instant appeal, the record is silent as to whether defense counsel ever put forward a motion requesting that the trial court order Officer Moore to produce a report prior to the trial. As the rule and accompanying comment indicate, an expert report is not required in all cases, and the decision of whether a report is required is within the discretion of the trial court. Here, absent a motion from defense counsel,

the trial court is under no obligation to require Officer Moore to produce a report prior to trial.

Moreover, appellant has been unable to demonstrate that he was in any way prejudiced by the lack of a report from Officer Moore. Specifically, appellant notes that had he been provided with an expert report from Officer Moore prior to the trial, he may have elected to have the case tried before a jury. (Appellant's brief at 30-31.) In order to be granted relief due to a discovery violation, a defendant must demonstrate prejudice. ***Commonwealth v. Hood***, 872 A.2d 175, 181 (Pa.Super. 2005), ***appeal denied***, 997 A.2d 1175 (Pa. 2010), citing ***Commonwealth v. Causey***, 833 A.2d 165, 171 (Pa.Super. 2003), ***appeal denied***, 848 A.2d 927 (Pa. 2004). Here, appellant's claim that he may have exercised his right to a trial by jury is nothing more than mere speculation, which is insufficient to establish any prejudice against appellant. Therefore, appellant's claim that the trial court abused its discretion by admitting Officer Moore's expert testimony is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2015

- 9 -