J-S54022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OMAR MORRISON | : | |
| | : | |
| Appellant | : | No. 646 MDA 2019 |

Appeal from the Judgment of Sentence Entered February 5, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0003356-2018

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                **FILED OCTOBER 28, 2019**

Omar Morrison appeals from the judgment of sentence, entered in the Court of Common Pleas of Berks County, following his conviction for fleeing or attempting to elude police (Fleeing)[1] and recklessly endangering another person (REAP).[2]  Lyons argues that his sentence is illegal where his REAP sentence should have merged with his sentence for Fleeing.  After careful review, we affirm.

The trial court summarized the relevant facts as follows:

On March 10, 2018 Trooper Thomas Fleisher (Trooper Fleisher) of the Pennsylvania State Police was in full uniform and operating a marked patrol vehicle on route I-78 when he conducted a traffic stop for speeding on a maroon Kia (Morrison's Vehicle) in Bethel Township, Berks County, Pennsylvania.  Trooper Fleisher

_____

[1] 75 Pa.C.S. § 3733.

[2] 18 Pa.C.S. § 2705.

encountered Morrison and identified him as the operator of Morrison's Vehicle. During the traffic stop, Morrison's Vehicle pulled into traffic and traveled at a high rate of speed. Trooper Fleisher pursued Morrison's Vehicle with his lights and siren activated. Trooper Fleisher observed other vehicles take evasive action during the pursuit. There were people on the roadways traveled by Morrison's Vehicle. The pursuit was terminated by Trooper Fleisher after losing sight of Morrison's Vehicle.

Trial Court Opinion, 6/11/19, at 2 (citations omitted).

A jury found Morrison guilty of the above charges and, on February 5, 2019, Morrison was sentenced to 1½ to 7 years' incarceration for Fleeing and a consecutive sentence of 1 to 2 years' incarceration for REAP. He filed post-sentence motions on February 15, 2019, which were denied on February 25, 2019. This timely appeal followed.

Morrison's sole argument on appeal is that the trial court imposed an illegal sentence when it failed to find that his convictions merged for purposes of sentencing. "A claim that convictions merged for sentencing purposes is a challenge to the legality of sentence." *Commonwealth v. Klein*, 795 A.2d 424, 430 n.4 (Pa. Super. 2002). "A claim that the trial court imposed an illegal sentence by failing to merge sentences is a question of law. Accordingly, our standard of review is plenary." *Commonwealth v. Williams*, 958 A.2d 522, 527 (Pa. Super. 2008) (quotation omitted).

Our legislature has codified the merger analysis as follows:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

To determine if merger is appropriate, "[w]e need to assess whether the charges arose out of a single set of facts **and** whether **all** the statutory elements in one offense coincide with the statutory elements of the other offense." ***Commonwealth v. Martz***, 926 A.2d 514, 526 (Pa. Super. 2007) (emphasis in original). If both crimes require proof of at least one element that the other does not, then the sentences do not merge. ***Commonwealth v. Jarosz***, 152 A.3d 344, 350 (Pa. Super. 2016) (quoting ***Commonwealth v. Nero***, 58 A.3d 802, 807 (Pa. Super. 2012)). Thus, if we can identify an element in each statute not included in the other, the sentences do not merge.

Here, both Fleeing and REAP charges arose when Morrison drove at high speed to avoid police officers pursuing him. As the charges arose out of a single set of facts, we must next determine if both crimes require an element that the other does not. The relevant statutes provide:

**§ 2705. Recklessly endangering another person.**

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger or death or serious bodily injury.

18 Pa.C.S. § 2705.

**§ 3733. Fleeing or attempting to elude a police officer.**

**(a) Offense defined.—**Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits an offense as graded in subsection (a.2).

\* \* \*

**(a.2) Grading**

\* \* \*

> **(2)** An offense under subsection (a) constitutes a felony of the third degree if the driver while fleeing or attempting to elude a police officer does any of the following:

\* \* \*

> **(iii)** endangers a law enforcement officer or member of the general public due to the driver engaging in a high-speed chase.

75 Pa.C.S. § 3733.

In examining each crime, we find that each crime contains an element that the other does not. Fleeing requires several elements not found in REAP: the defendant must be driving a motor vehicle; an officer must give a signal to stop; and there must be a high-speed chase. *Id.* Furthermore, Fleeing has a higher scienter requirement of knowing, while REAP only requires recklessness. *Id.* Thus, Fleeing cannot be a lesser-included offense of REAP.

Additionally, REAP requires that a person be subject to a greater level of risk than that described in Fleeing. This case presents the first instance where we have compared the endanger clause in Fleeing with that contained in REAP. However, we have analyzed other statutes that require endangerment with REAP's "danger of death or serious bodily injury" clause. In doing so, we have found that statutes that required proof of endangering another did not encompass REAP's "danger of death or serious bodily injury" clause. *See Commonwealth v. Martir*, 712 A.2d 327, 330 (Pa. Super. 1998)

(holding endangerment clause in endangering welfare of children, 18 Pa.C.S. § 4304, does not encompass endangerment clause in REAP). Thus, REAP requires a defendant's action to have placed another person in danger of serious bodily injury or death, while Fleeing does not require that the person be placed in such grave peril. Therefore, we conclude REAP is not a lesser-included offense of Fleeing.

As both crimes require at least one element that the other does not, the trial court did not err when it refused to merge them for sentencing purposes. *See **Jarosz**, **supra**; **Nero**, **supra**.*

Judgment of sentence affirmed.

Judge Dubow joins this Memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2019