J-S28036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :             PENNSYLVANIA
                                              :

              v.                              :

PHILLIP WRIGHT                         :

                        Appellant       :    No. 180 EDA 2020

Appeal from the Judgment of Sentence Entered December 26, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002632-2019

BEFORE: BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.:
**FILED DECEMBER 16, 2021**

Although I concur in the learned Majority's analysis concerning the suppression motion and discovery sanctions, I cannot join in their conclusion that Wright's separate convictions for possession with intent to distribute ("PWID") should merge. Hence, I respectfully dissent. Specifically, I would hold that the two stashes of cocaine maintained by Appellant support independent PWID convictions.

As the Majority has aptly explained, cocaine was discovered in two separate locations on Wright's front porch. Specifically, a leather pouch containing individually packaged bags of cocaine was recovered from the mailbox "located outside and to the immediate right of Wright's front door."

---

[*] Retired Senior Judge assigned to the Superior Court.

Majority Memorandum at 2. Separately, two larger bags of cocaine were discovered in the "trashcan on the front porch directly next to Wright's apartment." *Id*. While police were aware that Wright had recently "renewed his supply of cocaine with a large quantity," it is beyond cavil that Wright chose to divide this illicit stockpile for separate storage and packaging. The Majority has concluded that since both the trashcan and the mailbox were on Wright's front porch, these caches should be treated as one and the same. *Id*. at 12 ("Both counts of PWID and both counts of possession of drug paraphernalia arose from [Wright's] single act of preparing the large quantity of cocaine he had just received from his supplier for distribution."). I disagree.

As a general matter, "in all criminal cases, the same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses." *Commonwealth v. Williams*, 958 A.2d 522, 527 (Pa.Super. 2008); *see also* 42 Pa.C.S. § 9765 ("No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense."). Although the elements of Wright's convictions for PWID are indisputably identical, "the facts underlying each crime are totally separate and constitute two different criminal acts." *Williams*, *supra* at 527. Specifically, Wright's "convictions are based on his possession of cocaine in two different locations and of two different amounts." *Id*.at 528.

In **Williams**, the defendant was found to have a stash of cocaine "in his sock" and a second one hidden in his car. On these facts, Williams was found guilty of two counts of possession of a controlled substance. On appeal, this Court concluded that Williams' sentences did **not** merge because his convictions were predicated upon "two separate counts of possession for two separate incidents." **Id**. This rationale is fully applicable in the instant case, wherein Wright was indisputably found to maintain discrete collections of cocaine around his property. Pursuant to **Williams**, I would conclude that Wright's convictions for PWID do not merge because these differentiated reserves constituted separate facts pursuant to § 9765.

I also emphasize that **Williams** contains no discussion of the requisite physical distance that must exist between two stashes of narcotics to avoid waiver where the Commonwealth charges multiple possessory offenses. Rather, all that **Williams** requires is that Appellant possessed "two different amounts" of cocaine in "two different locations." **Williams**, **supra** at 528. Instantly, the stockpiles maintained by Appellant were secreted in separate containers, *i.e.*, the mailbox and the trashcan. Furthermore, these respective reserves were packaged differently and were not comingled. The mere fact that both containers were housed on Appellant's front porch does not, in my opinion, undermine the application of **Williams** to these circumstances. To my mind, the factual distinction drawn by the learned Majority to avoid application of **Williams** is arbitrary and has the potential to create confusion.

This variance risks subsuming the holding in **Williams**, entirely, if we may simply redefine what constitutes "different locations" on a case-by-case basis.

Therefore, I respectfully dissent as to the merger holding and the need to remand the case for resentencing. In all other aspects, I concur in the Majority's memorandum.