J-A11042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL L. JACKSON | : | |
| | : | |
| Appellant | : | No. 582 WDA 2022 |

Appeal from the Judgment of Sentence Entered December 28, 2021
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0001404-2018

BEFORE:  BENDER, P.J.E., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:            **FILED:  June 9, 2023**

Michael L. Jackson (Jackson) appeals from the December 28, 2021[1]

judgment of sentence entered by the Court of Common Pleas of Butler County

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order denying Jackson's timely post-sentence motion was docketed on March 22, 2022, and his retained counsel moved to withdraw on April 11, 2022.  Jackson filed a *pro se* motion for appointment of counsel to aid him in an appeal which was dated April 12, 2022, and docketed April 25, 2022.  The trial court appointed appellate counsel by order docketed May 2, 2022, and counsel filed a notice of appeal on May 17, 2022.  Thus, Jackson's counseled notice of appeal was untimely filed 56 days after his post-sentence motion was denied.  **See** Pa. R. Crim. P. 720(A)(2)(a).  While this Court cannot extend the time for filing an appeal, "this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court."  **See Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007).  We have previously found a breakdown in the processes of the court when the sentencing court "either failed to advise [the] Appellant of his post-sentence and appellate rights or misadvised him."  **Id.** (citations

(trial court) following remand from this Court for resentencing on conspiracy to commit possession with intent to deliver (PWID), two counts of PWID, criminal use of a communication facility, two counts of possession of a controlled substance (simple possession) and possession of drug paraphernalia.[2] He contends that his sentence is illegal because one of the counts of simple possession must merge with one of the counts of PWID. We affirm.

We set forth the facts of the instant case in more detail in Jackson's direct appeal. **See Commonwealth v. Jackson**, 638 WDA 2020, at *1-5 (Pa. Super. Sept. 7, 2021) (unpublished memorandum). Briefly, the Butler City Police and Pennsylvania Office of the Attorney General conducted an investigation into Jackson's drug dealing activity in June of 2018. They used a confidential informant to execute a controlled buy of 16 stamp bags of heroin from Jackson at his home. **Id.** at *1-2. After the controlled buy, they obtained

_____

omitted); **see also** Pa. R. Crim. P. 720(B)(4)(a) (requiring an order denying a post-sentence motion include notice of the right to appeal and applicable time limits). Our review of the order denying Jackson's post-sentence motion reveals that it did not apprise him of his appellate rights. **See** Order of Court, 3/22/22. Accordingly, we conclude that Jackson was prevented from filing a timely appeal due to a breakdown in the processes of the court and we decline to quash this appeal as untimely.

[2] 18 Pa.C.S. § 903; 35 P.S. § 780-113(a)(30); 18 Pa.C.S. § 7512(a); 35 P.S. §§ 780-113(a)(16) & (32).

a search warrant for the home and recovered numerous narcotics and items of paraphernalia to package and process the narcotics.

Law enforcement found a powdery substance scattered about the second floor of the home that later tested positive for a mixture of heroin, cocaine and fentanyl. *Id.* at 2-3. In Jackson's bedroom, they found heroin, cocaine, stamp bags, gloves, digital scales and other assorted paraphernalia. *Id.* at *3. Jackson was searched incident to arrest and officers recovered a small plastic bag containing blue pills from his rectum. *Id.* Those pills tested positive for fentanyl. *Id.*

The initial criminal information charged Jackson with ten counts related to the controlled buy and items found pursuant to the search warrant. Relevant to this appeal, Count 4 was charged as follows:

> **COUNT 4 –** MANUFACTURE, DELIVER, OR POSSESS WITH INTENT TO MANUFACTURE OR DELIVER (FELONY)
>
> IN THAT, on or about [June 27, 2018], the actor . . . did possess with intent to deliver 27 full stamp bags of Heroin, a Schedule I controlled substance, a bag containing at least 20 individual bags of Crack Cocaine, a Schedule II controlled substance, 2 knotted plastic bags containing raw Heroin, a Schedule I controlled substance, along with a vast amount of packaging and processing material, and a plastic bag containing unknown blue pills that were concealed within Michael Jackson's anus . . . .

Information, 9/11/18. Count 8, simple possession, listed the same narcotics as the factual basis for that charge. At the time of jury selection, the trial court granted the Commonwealth's motion to amend the criminal information to add Counts 11 through 13, which were PWID, conspiracy to commit PWID,

and simple possession, all of fentanyl.[3]  N.T., 6/13/19, at 2-3.  The trial court entered an order listing the additional charges but, for reasons unclear from the record, no amended criminal information was filed.  The transcript of the brief argument on the motion to amend does not reveal a specific factual basis for the charges.  *Id.*

Jackson proceeded to a jury trial and was convicted of the above-mentioned charges.  The verdict slip set forth Counts 4 and 13 as follows:

> Count 4 – Manufacture, Deliver or Possess with Intent to Deliver 27 full stamp bags of Heroin, a bag containing at least 20 individual bags of Crack Cocaine, 2 knotted plastic bags containing raw Heroin, along with a vast amount of packaging and processing material and a plastic bag containing unknown blue pills.
>
> Count 13 – Possession of a Controlled Substance – Fentanyl.

Verdict Slip, 6/26/19 (cleaned up).  Thus, the verdict slip did not specify which item formed the basis for Count 13.

The trial court sentenced Jackson to an aggregate of 117 months to 234 months' incarceration followed by two years' probation.  On direct appeal, we held that the evidence was insufficient to support five of the conspiracy charges and remanded for resentencing on the remaining charges.  *Id.* at

---

[3] The jury found Jackson not guilty of PWID of fentanyl on Count 11 and this Court found the evidence insufficient to support his conviction of conspiracy to commit PWID of fentanyl on Count 12.  *See* Verdict Slip, 6/26/19; *Commonwealth v. Jackson*, 638 WDA 2020, at *10-11 (Pa. Super. Sept. 7, 2021) (unpublished memorandum).  Therefore, only his conviction for Count 13, simple possession of fentanyl, is at issue here.

*10-11. On remand, the trial court initially resentenced Jackson to an aggregate of 108 to 216 months' incarceration. This included a sentence of 30 to 60 months' incarceration on PWID at Count 4 and 12 to 24 months' incarceration on simple possession of fentanyl at Count 13. Jackson filed post-sentence motions that were granted in part and denied in part following oral argument. The trial court modified his sentence at Count 8, simple possession of multiple narcotics, to no further penalty, finding that it merged with Count 4. Thus, the aggregate sentence was reduced to 96 to 102 months. Jackson timely appealed and he and the trial court have complied with Pa. R.A.P. 1925.

Jackson presents one issue on appeal: whether his sentence is illegal because Count 13, simple possession of fentanyl, should have merged for sentencing purposes with Count 4, PWID of multiple narcotics.[4] Relying on **Commonwealth v. Ramsey**, 214 A.3d 274 (Pa. Super. 2019), he argues that merger is appropriate because even though the fentanyl was recovered in both powdered and pill form, it was all collected on the same date and as part of the same search. He points out that the trial court relied on the powdered fentanyl and the pill-form fentanyl as two separate substances, but the powdered form also tested positive for cocaine and heroin, which were also separately accounted for in Count 4. He concludes that possession of all forms of fentanyl was a single criminal act and merger is appropriate.

---

[4] Whether a sentence is illegal is a question of law and our scope of review is plenary. **Commonwealth v. Maxwell**, 932 A.2d 941, 942 (Pa. Super. 2007).

Offenses merge when "the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S. § 9765. If crimes merge, the trial court may only impose a sentence on the higher-graded offense. *Id.* We have previously held that simple possession is a lesser included offense of PWID. *See Commonwealth v. Williams*, 958 A.2d 522, 528 (Pa. Super. 2008). Thus, our merger analysis is confined to whether the two offenses were predicated on the same criminal act.

In *Ramsey*, the defendant pled guilty to one count of PWID and one count of delivery of a controlled substance, both violations of 35 P.S. § 780-113(a)(30), based on a sale he made to an undercover police officer of a single compound that contained both heroin and fentanyl. *Ramsey*, *supra*, at 276. We concluded that a single criminal act supported both convictions, as the type of controlled substance involved in a violation of 35 P.S. § 780-113(a)(30) is not an element of the crime, but rather relates only to the appropriate penalty and sentencing guidelines. *Id.* at 278. Moreover, we distinguished the act of selling a compound comprised of multiple substances from a case in which the defendant was properly sentenced on two offenses when he sold two different types of pills in the same vial. *Id.* (discussing *Commonwealth v. Swavely*, 554 A.2d 946 (Pa. Super. 1989)). Accordingly, we agreed that merger of Ramsey's offenses was appropriate.

Conversely, in **Williams**, we confronted a situation in which the defendant was convicted of two counts of simple possession:  one count was related to baggies of cocaine found in the defendant's sock and the other was related to baggies of cocaine subsequently recovered from the defendant's car.  **Williams**, **supra**, at 523.  On appeal, he argued that the two counts should have merged for sentencing purposes.  We rejected his argument, concluding that "his possession of cocaine in two different locations and of two different amounts" constituted two separate criminal acts.  **Id.** at 527-28; **see also Commonwealth v. Roberts**, 133 A.3d 759 (Pa. Super. 2016) (finding merger of two PWID offenses was not required when defendant possessed a bag of powdered cocaine and a bag of crack cocaine).

In rejecting Jackson's claim, the trial court concluded that he possessed fentanyl in two different forms, constituting two different criminal acts for the purposes of merger.  **See** Order of Court, 3/22/22, at 1-3.  The testimony and laboratory report admitted at trial revealed that approximately .97 grams of a powder mixture of potential hair, heroin, cocaine and fentanyl was collected from the floor during the search.  **Id.** at 1-2 (citing Commonwealth Exhibit 40).  The "unknown blue pills" referenced in Count 4 were recovered from Jackson's person following his arrest, weighed approximately 1.95 grams in total and tested positive for fluoroisobutyryl fentanyl.  **Id.** at 2-3 (citing Commonwealth Exhibit 40).

The trial court did not err in concluding that Counts 4 and 13 do not merge, as they arise from separate criminal acts. If Jackson had only possessed the powdered mixture containing heroin, cocaine and fentanyl, we would agree that this case is governed by **Ramsey**, and that he cannot be separately punished for each component of a mixed compound of narcotics. Here, however, Jackson possessed fentanyl in two distinct forms—the powder and the blue pills—rendering this case on all fours with **Williams**, **Roberts** and **Swavely**. Where a defendant possesses a narcotic "in two different locations and of two different amounts," or the narcotic takes on two forms and would be sold separately in the marketplace, he has committed two separate criminal acts. **Williams**, **supra**, at 527-28; **Roberts**, **supra**. Additionally, all of the substances identified in the criminal information and verdict slip as the factual basis for Counts 4 and 8 were separate from the powdered mixture that underlies Count 13. **See** Commonwealth Exhibit 40. The compound mixture containing fentanyl that was recovered from the floor was not accounted for in Count 4. Accordingly, Jackson's convictions for PWID and simple possession of fentanyl do not merge and no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/9/2023