J-A14015-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DARIEN WALKER | : | |
| | : | |
| Appellant | : | No. 650 EDA 2025 |

Appeal from the Judgment of Sentence Entered February 27, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003485-2024

BEFORE: DUBOW, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY DUBOW, J.: **FILED JUNE 23, 2026**

Darien Walker ("Appellant") appeals from the judgment of sentence imposed by the Philadelphia County Court of Common Pleas on February 27, 2025, following his convictions of Possession of a Firearm Prohibited, Theft by Unlawful Taking-Movable Property, Receiving Stolen Property, Firearms Not to be Carried Without a License, and Simple Assault.[1] Appellant challenges an evidentiary ruling and contends that his convictions for Receiving Stolen Property and Theft by Unlawful Taking merged for purposes of sentencing. After careful review, we affirm in part, and vacate the sentence imposed for Receiving Stolen Property.

The relevant facts and procedural history are as follows. Appellant's sister, Shahadah Chandler, is married to Josh Coates ("Complainant"). On

_____

[1] 18 Pa.C.S. §§ 6105(a)(1), 3921(a), 3925(a), 6106(a)(1), and 2701(a)(1), respectively.

March 16, 2024, Complainant and Ms. Chandler had an argument, and Ms. Chandler left the house and drove away. Complainant then left the house to look for her on foot and when he got to the corner of 32nd and Berks Street in Philadelphia, he saw Appellant and Basil Orkmey. Appellant asked Complainant about his argument with Ms. Chandler, and after some discussion, Appellant "rushed" him and "threw a punch." N.T. Trial, 2/26/25, at 45-46.

Complainant and Appellant then engaged in a physical fight in the middle of the street during which Appellant attempted to grab Complainant's firearm, which began falling out of its holster. Complainant asked Mr. Orkmey to grab the gun as he and Appellant continued to fight. Although it is not clear from the record, we presume Mr. Orkmey then put Complainant's gun in the vehicle that he and Appellant had arrived in because during a pause in the fight, Appellant retrieved Complainant's firearm from the vehicle. Appellant then pointed the gun at Complainant and Complainant backed off, indicating he was done fighting. Appellant and Mr. Orkmey began walking back to their vehicle and Complainant followed them to get his gun back. When Appellant noticed him following, he told Complainant to "back up before he shoot [him] with [his] own gun." N.T. Trial, 2/26/26, at 51. Appellant and Mr. Orkmey then drove away.

Complainant immediately called Ms. Chandler. Approximately six hours later, Ms. Chandler had a text exchange with a person whom she identified as being Appellant and whose contact information on her phone identified him as

"Maybe: Built [emoji]2Last." In the text, she wrote, "Give me [Complainant's] jawn," referring to Complainant's gun. *Id.* at 108, 113. Appellant responded by text:

> It's not up for debate and I don't give those back. If you need one for you, I got you but – cause honeybun done. I swear no disrespect to you but I chilled out for longer than I was comfortable with. He just need to be grateful that I only took that.

*Id.* at 114. After Ms. Chandler responded that she was going to report the gun stolen, Appellant replied "Okay. Cool." *Id.* at 116. She then texted "Okay, Darien Walker" followed by "And Basil Orkmey," to which Appellant responded, "Cool." *Id.* Ms. Chandler then asked if Appellant was still living with his girlfriend at a particular location to which he responded, "Yep." *Id.* Complainant reported the robbery the next day to the police department.

The Commonwealth charged Appellant with numerous offenses. Appellant filed a motion *in limine* seeking to preclude the admission of screen shots of the text message exchange which the Commonwealth intended to proffer through Complainant's testimony. On February 25, 2025, the court held a hearing and concluded that Complainant would not be able to authenticate the text exchange between Appellant and Ms. Chandler. The court indicated, however, that if Ms. Chandler testified about the exchange,

then it could be authenticated.[2]  In addition, the court took judicial notice of the fact that when a contact is prefaced by the word "Maybe," it means that the iPhone is recognizing a contact that had once been saved but may have been deleted.  N.T. Hr'g, 2/25/25, at 41-42.

On February 26, 2025, Appellant proceeded to a jury trial at which Complainant and Ms. Chandler testified.  Relevant to this appeal, Ms. Chandler testified that she had previously contacted Appellant at the number identified as "Built [emoji]2Last," and that she had taken the screenshots where the contact appeared as "Maybe: Built [emoji]2Last."  She testified that she exchanged those text messages with Appellant on the evening of the robbery and had then taken the screenshots of the text exchange to give to the Commonwealth.  The court found Ms. Chandler had authenticated the screenshots and allowed them to be published to the jury as Exhibit C-3.[3]  The jury found Appellant guilty of the above offenses and on February 28, 2025, the court sentenced Appellant to an aggregate term of two to four years' incarceration followed by a period of probation.

Appellant timely appealed.  Both Appellant and the court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

---

[2] *See* N.T. Hr'g, 2/25/25, at 42.

[3] *See* N.T. Trial, 2/26/25, at 111-112.

- 4 -

1. Whether the trial court abused its discretion when it admitted screen shots of text messages (Exh. C-3) where the Commonwealth did not satisfy the requirement of authenticating this evidence?

2. Whether, under the merger doctrine, the lower court illegally sentenced [Appellant to] theft by unlawful taking and receiving stolen property?

Appellant's Br. at 3.

In his first issue, Appellant argues that the court erred in admitting the text message exchange about which Ms. Chandler testified because the Commonwealth had not presented sufficient evidence that Appellant "authored any of those messages" and, thus, the court erred in finding that the evidence had been properly authenticated. *Id.* at 13.

We review challenges to the admission of evidence for an abuse of discretion. *Commonwealth v. Thompson*, 106 A.3d 742, 754 (Pa. Super. 2014). An abuse of discretion is "the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will, or partiality, as shown by the evidence of record." *Commonwealth v. Vance*, 316 A.3d 183, 189 (Pa. Super. 2024), *appeal granted in part*, 332 A.3d 1182 (Pa. 2025) (citation omitted).

Electronic or digital evidence, such as text messages, must be authenticated before it can be admitted in evidence. Pa.R.E. 901(a), (b)(11), *Comment*; *Commonwealth v. Orr*, 255 A.3d 589, 595 (Pa. Super. 2021); *Commonwealth v. Murray*, 174 A.3d 1147, 1156 (Pa. Super. 2017). The burden of proof for authentication, however, is low, and requires only that the

proponent of the evidence "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a); *Commonwealth v. Bowens*, 265 A.3d 730, 759 (Pa. Super. 2021) (*en banc*) (quoting Pa.R.E. 901(a)); *Murray*, 174 A.3d at 1157 (quoting Pa.R.E. 901(a)). The admissibility of text messages is "to be evaluated on a case-by-case basis as any other document to determine whether or not there has been an adequate foundational showing of their relevance and authenticity." *In re F.P.*, 878 A.2d 91, 96 (Pa. Super. 2005).

Pennsylvania Rule of Evidence 901 provides that digital evidence, which includes text messages, may be authenticated by either

    (A)    direct evidence such as testimony of a person with personal knowledge; or

    (B)    circumstantial evidence such as:

        (i) identifying content; or

        (ii) proof of ownership, possession, control, or access to a device or account at the relevant time when corroborated by circumstances indicating authorship.

Pa.R.E. 901(b)(11).

Appellant argues that the court "committed an error of law by admitting the screenshots in violation of Pa.R.E. 901." Appellant's Br. at 24. He contends that the trial court's "finding that circumstantial evidence in Exhibit C-3 provided sufficient contextual clues to identify [Appellant] as the sender rests on misapprehensions of the record." *Id.* at 20. He also asserts that "the messages do not discuss the alleged incident in detail sufficient to identify

[Appellant] as their author." *Id.* at 21. Appellant argues that Ms. Chandler's testimony did not sufficiently authenticate Exhibit C-3 because the exhibit itself "does not on its face substantiate her belief she was communicating with that individual," *i.e.*, Appellant. *Id.* at 18-19. He also contends that the court erred in "taking judicial notice of the 'fact' that the word 'maybe' atop an i-Phone screen indicates the ensuing characters spell a contact that the phone's owner had previously saved but later deleted" because "this is not a generally-known fact within the lower court's jurisdiction, nor is it readily determinable from sources whose accuracy cannot reasonably be questioned." *Id.* at 19.

The trial court concluded that the Commonwealth properly authenticated the text messages as occurring between Ms. Chandler and Appellant because Ms. Chandler testified that that "she recognized the messages in the screenshots," that she took the screenshots herself, and that they were a 'true and accurate depiction' of the conversation she had on March 16, 2024, with the Appellant." Tr. Ct. Op., 7/23/25, at 10. The court also concluded that circumstantial evidence was great enough to reasonably infer that Appellant wrote them: "Appellant confirmed his home address, spoke about the fight and subsequent robbery with [Complainant], and responded to the text message that stated his name." *Id.* at 10-11.

Following our review, we conclude the court's factual findings are supported by the record. Ms. Chandler testified that she contacted Appellant at a number known to her as belonging to him and he responded in such a

way as to indicate his knowledge of Complainant's firearm and then continued to communicate with her. This direct evidence that it was Appellant with whom Ms. Chandler exchanged text messages, combined with the contextual clues found in the text exchange, was sufficient to support a finding that it was Appellant with whom Ms. Chandler had been communicating and thus, the trial court properly admitted the text messages into evidence. Appellant's arguments do not convince us that the court abused its discretion in concluding that Ms. Chandler properly authenticated the text exchange. Accordingly, this issue warrants no relief.

In his second issue, Appellant challenges the legality of his sentence, arguing that his convictions for Theft by Unlawful Taking and Receiving Stolen Property arose from the same criminal act "of stealing Complainant's gun," and that the offenses, therefore, merged for purposes of sentencing. Appellant's Br. at 30-31. The trial court and Commonwealth agree. *See* Tr. Ct. Op, at 19-20; Commw's Br. at 8 (citing *Commonwealth v. Dortch*, 343 A.3d 298, 309 (Pa. Super. 2025)).

Our standard of review is well-settled: "A claim that the trial court imposed an illegal sentence by failing to merge sentences is a question of law. Accordingly, our standard of review is plenary." *Commonwealth v. Williams,* 958 A.2d 522, 527 (Pa. Super.2008) (citation omitted).

Pursuant to 42 Pa.C.S. § 9765, "[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the

statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S. § 9765. "Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense." *Id.*

In Pennsylvania, Receiving Stolen Property is a lesser included offense of Theft by Unlawful Taking. *Compare* 18 Pa.C.S. § 3921(a) ("A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof."), *with id.* at § 3925(a) ("A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.").

In *Dortch*, *supra*, this Court vacated and remanded for resentencing after acknowledging "the long-standing proposition that in situations where the theft by taking and theft by receiving stolen property arise from a single criminal act with the same criminal intent, as is the case here, 'convictions for theft by unlawful taking and receiving stolen property merge for sentencing purposes.'" 343 A.3d at 309. (citation omitted); *see also Commonwealth v. Carter*, 332 A.3d 867, 873-874 (Pa. Super. 2025) (observing that "the crime of receiving stolen property is a lesser included offense of theft by unlawful taking[.]").

Here, based on the above authority, we agree with the parties and the trial court that the convictions of Theft by Unlawful Taking and Receiving Stolen Property merged for purposes of sentencing. The fact that the trial court did not do so renders Appellant's sentence illegal; thus, we are constrained to vacate the sentence imposed for Receiving Stolen Property. However, because the court imposed identical concurrent sentences of two to four years' incarceration for each crime, we need not remand for resentencing as "our disposition does not upset the trial court's overall sentencing scheme." **Commonwealth v. James**, 297 A.3d 755, 770 (Pa. Super. 2023).

In sum, having determined that the trial court properly exercised its discretion in finding the challenged text message exchange properly authenticated, we affirm each of Appellant's convictions, vacate the sentence imposed for Receiving Stolen Property, and affirm the judgment of sentence in all other respects.

Convictions affirmed; judgment of sentence affirmed in part and vacated in part as to the sentence imposed for Receiving Stolen Property. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/23/2026

- 10 -