J-S02013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NICHOLAS JAMES LOUCKS | : | |
| | : | |
| Appellant | : | No. 804 MDA 2022 |

Appeal from the Judgment of Sentence Entered November 17, 2021
In the Court of Common Pleas of Bradford County
Criminal Division at No(s):  CP-08-CR-0000741-2019

BEFORE:  PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.:　　　　　　**FILED: MAY 1, 2023**

Nicholas James Loucks appeals from the judgment of sentence imposed following his convictions of sexual assault, statutory sexual assault, endangering the welfare of children, corruption of minors, aggravated indecent assault – lack of consent, and aggravated indecent assault – less than 16 years old. ***See*** 18 Pa.C.S.A. §§ 3124.1; 3122.1(a)(2); 4304(a)(1), 6301(a)(1)(ii); 3125(a)(1), (8). Additionally, Loucks's counsel, Jason G. Beardsley, Esquire, has filed a brief pursuant ***Anders v. California***, 386 U.S. 738 (1967), and a petition to withdraw from representation. We grant Attorney Beardsley's petition to withdraw and affirm the judgment of sentence.

In May 2019, Loucks was in bed with his girlfriend, H.C., and H.C.'s daughter, A.M.C., born in July 2004. At one point in the night, A.M.C. awoke

to find Loucks on top of her and his hands down her shorts. Loucks digitally penetrated A.M.C.'s vagina. Loucks then inserted his penis into her vagina. The assault ended when A.M.C. rolled away from Loucks, and H.C. stated that "she's waking up." A.M.C. indicated that her mother and Loucks were talking during the duration of the sexual assaults. In the months following the assaults, A.M.C. and Loucks discussed the assaults on Facebook Messenger. Loucks attempted to convince A.M.C. to recant statements she had made to third parties regarding the sexual assault, and stated that H.C. and Louck had talked about doing a "threesome" with A.M.C.

The police arrested Loucks, and the Commonwealth charged him with numerous crimes.[1] The case proceeded to a jury trial, after which the jury found Loucks guilty of the above-mentioned crimes. On July 15, 2021, the trial court sentenced Loucks to prison terms of 5 to 10 years for the sexual assault conviction; 2 to 10 years for the statutory sexual assault conviction; 1 to 5 years for the corruption of minors conviction; 5 to 10 years for the aggravated indecent assault – lack of consent conviction; and 5 to 10 years for the aggravated indecent assault – less than 16 years old. The trial court ran the sentences for sexual assault and corruption of minors consecutively, and the remaining sentences concurrently with each other for an aggregate sentence of 6 to 16 years in prison.

---

[1] The Commonwealth also charged H.C. with various crimes. **See Anders** Brief at 9 n.4.

The Commonwealth filed a timely post-sentence motion, requesting, *inter alia*, that the sentences for the sexual assault and aggravated indecent assault – lack of consent convictions be imposed consecutively, as they represent separate physical acts of abuse, vaginal intercourse with Loucks's penis and digital penetration of A.M.C.'s vagina. On November 17, 2021, the trial court granted, in part, the Commonwealth's motion, and imposed the sentences for sexual assault and aggravated indecent assault – lack of consent consecutively, and ordered the remaining sentences to run concurrently, for an aggregate sentence of 10 to 20 years in prison.

On November 24, 2021, Loucks filed a post-sentence motion, arguing that sexual assault and aggravated indecent assault should have merged because (1) the digital penetration was part of the sexual assault and should therefore merge; and (2) the aggravated indecent assault charge was a lesser included offense of sexual assault. On May 2, 2022, the trial court entered an order denying Loucks's post-sentence motion.[2] Loucks filed a notice of appeal on May 27, 2022.[3]

---

[2] The trial court entered the order on April 29, 2022, but did not serve the order on the parties until May 2, 2022. **See** Pa.R.A.P. 108(a)(1) ("Except as otherwise prescribed in this rule, … any period of time under these rules involving the date of entry of an order by a court ..., the day of entry shall be the day the clerk of court ... mails or delivers copies of the order to the parties ...").

[3] We note that the 120-day period to enter a decision on Loucks's post-sentence motion expired on March 24, 2022. **See** Pa.R.Crim.P. 720(B)(3)(a)
*(Footnote Continued Next Page)*

On appeal, Attorney Beardsley has filed an **Anders** brief, addressing claims that Loucks's sentences for sexual assault and aggravated indecent assault merged, the trial court abused its discretion in imposing consecutive sentences, the verdict was against the weight of the evidence, and trial counsel was ineffective for failing to call H.C. as witness at trial and failing to ask enough questions at trial. **See Anders** Brief at 6-10. Attorney Beardsley also filed a petition to withdraw as counsel with this Court on November 7, 2022. Loucks filed neither a *pro se* brief, nor retained alternate counsel.

We must first determine whether Attorney Beardsley has complied with the dictates of **Anders** in petitioning to withdraw from representation. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en*

_____

(stating that a trial court has 120 days to decide a post-sentence motion, and if it fails to decide the motion within that period, the motion is deemed denied by operation of law). Here, the clerk of courts failed to enter an order noting that the motion was denied on that date. **See** Pa.R.Crim.P. 720(B)(3)(c) (stating that when the motion is deemed denied by operation of law, the clerk of courts shall enter an order deeming the motion denied on behalf of the trial court and serve copies on the parties). Ordinarily, a timely notice of appeal would be filed within 30 days of the entry of the order denying the post-sentence motion by operation of law. **See** Pa.R.Crim.P. 720(A)(2)(b). However, in this case, the trial court ruled on the motion on May 2, 2022, well outside the 120-day period, and Loucks appealed within 30 days of that order. While the appeal would be untimely under these circumstances, the clerk's failure to enter an order deeming the post-sentence motion denied by operation of law constituted an administrative breakdown of court system. **See Commonwealth v. Patterson**, 940 A.2d 493, 499 (Pa. Super. 2007) (finding "a breakdown where the clerk of courts did not enter an order notifying the appellant that his post-sentence motion was denied by the operation of law."). Accordingly, we decline to quash the appeal and will consider Loucks's appeal.

*banc*) (stating that "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." (citation omitted)). Pursuant to **Anders**, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Here, Attorney Beardsley has complied with the requirements set forth in **Anders** by indicating that he examined the record and determined that an appeal would be frivolous. Further, Attorney Beardsley's **Anders** brief meets

the standards set forth in **Santiago**, by setting forth his conclusions that Loucks's claims are frivolous and the ineffectiveness claims must be raised in a timely petition for post-conviction relief. Finally, Attorney Beardsley provided a letter to Loucks, informing him of his intention to withdraw as counsel, and advising Loucks of his rights to retain new counsel, proceed *pro se*, and file additional claims. Because Attorney Beardsley has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Loucks's appeal is, in fact, wholly frivolous. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (stating that once an appellate court determines that counsel's petition and brief satisfy **Anders**, the court must then conduct its own review of the appeal to determine if it is wholly frivolous).

First, Loucks argues that the aggravated indecent assault and sexual assault sentences should have merged. **See Anders** Brief at 6-7.

"A claim that the trial court imposed an illegal sentence by failing to merge sentences is a question of law. Accordingly, our standard of review is plenary." **Commonwealth v. Williams**, 958 A.2d 522, 527 (Pa. Super. 2008) (citation omitted).

Our legislature has addressed the mandatory merger of crimes for the purpose of sentencing in section 9765 of the Sentencing Code, which provides as follows:

**§ 9765. Merger of sentences**

- 6 -

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. Concerning the appropriate test for merger of crimes for sentencing, "[t]he statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009). However, "there is no merger if each offense requires proof of an element the other does not." *Commonwealth v. Quintua*, 56 A.3d 399, 401 (Pa. Super. 2012) (citations omitted).

"When considering whether there is a single criminal act or multiple criminal acts, the question is not whether there was a break in the chain of criminal activity[, but] … whether the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime[.]" *Commonwealth v. Pettersen*, 49 A.3d 903, 912 (Pa. Super. 2012) (citation and quotation marks omitted).

Here, the record reflects that Louck's crimes did not arise from a single criminal act, as Loucks digitally penetrated A.M.C.'s vagina prior to inserting his penis into her vagina. *See* Trial Court Opinion, 11/16/21, at 3 (noting that there was "clear and credible evidence of not only sexual intercourse, but a separate and distinct act of digital penetration, which awoke [A.M.C.] and

- 7 -

preceded the second and subsequent criminal act of sexual intercourse."). Loucks is not entitled to a "volume discount for these crimes simply because he managed to accomplish all the acts within a relatively short period of time." *Pettersen*, 49 A.3d at 912 (citation omitted). Consequently, Loucks has not met the first part of the merger test and his first claim on appeal is frivolous.

Loucks also argues that the trial court abused its discretion in imposing consecutive, rather than concurrent sentences for the aggravated indecent assault and sexual assault convictions. *See Anders* Brief at 7 n.3. Loucks's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010) (finding that claim involving the imposition of consecutive sentences challenged the discretionary aspects of sentencing).

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts

> a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation and brackets omitted).

- 8 -

Here, Loucks timely filed this direct appeal. However, our review of the record reflects Loucks did not raise this specific challenge to the discretionary aspects of his sentence in a post-sentence motion or at the time of sentencing. The failure to preserve a discretionary sentencing claim with the trial court in a timely post-sentence motion results in waiver even when appellate counsel petitions for withdrawal in the context of **Anders**. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) ("Absent [a timely post-sentence motion or claim raised during sentencing], an objection to a discretionary aspect of a sentence is waived." (citation omitted)); **see also Commonwealth v. Cox**, 231 A.3d 1011, 1016 (Pa. Super. 2020) (explaining that precedent does not permit "this Court to address issues that were not properly preserved in the trial court" and "the mere filing of an **Anders** brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal").[4]

Therefore, we are constrained to conclude that Loucks's issue is waived, and we are precluded from addressing its merits. Consequently, the discretionary aspects of sentencing issue is frivolous because it is not reviewable on direct appeal. **See Commonwealth v. Kalichak**, 943 A.2d

---

[4] We also note that a Rule 2119(f) statement was not included in the **Anders** brief, nor has a substantial question been raised. **See, e.g., Commonwealth v. Caldwell**, 117 A.3d 763, 769 (Pa. Super. 2015) ("A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question." (citation omitted)).

285, 291 (Pa. Super. 2008) (stating that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous.").[5]

Next, the ***Anders*** brief alludes to a challenge to the weight of the evidence. ***See Anders*** Brief at 7-8.

Pennsylvania Rule of Criminal Procedure 607(A) requires a challenge to the weight of the evidence to be raised with the trial court in a motion for a new trial that is presented "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A); ***see also id.***, cmt. (providing that "[t]he purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived."). A failure to present a weight claim to the trial court via one of the prescribed methods constitutes waiver. ***See Commonwealth v. Lofton***, 57 A.3d 1270, 1273 (Pa. Super. 2012).

Here, Attorney Beardsley concedes that the challenge to the weight of the evidence is waived because neither trial counsel nor Loucks preserved such an objection in the trial court. ***See Anders*** Brief at 8. Our review of the docket confirms counsel's representation. ***See Cox***, 231 A.3d at 1016.

_____

[5] We highlight that "[l]ong-standing precedent of this Court recognizes that 42 Pa.C.S.[A.] § 9721(a) affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time." ***Commonwealth v. Aulisio***, 253 A.3d 338, 343 (Pa. Super. 2021).

- 10 -

Accordingly, any challenge to the weight of the evidence in this case would be frivolous since such a claim was not properly preserved. ***See id.***

Finally, regarding Loucks's arguments that his trial counsel was ineffective, litigation of such claims is not a proper component of an appellant's direct appeal and is presumptively deferred for collateral attack under the Post Conviction Relief Act ("PCRA"). ***See Commonwealth v. Holmes***, 79 A.3d 562, 563 (Pa. 2013). While reaffirming the general rule that ineffectiveness claims may only be raised on collateral review, our Supreme Court created two recognized exceptions, which are within the trial court's discretion: (1) "a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice[,]" and (2) "where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record based claims, on post-verdict motions and direct appeal" but only where good cause is shown and post-conviction review of the claim has already been waived. ***Id.*** at 563-64. Further, our Supreme Court adopted a third exception for "claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." ***Commonwealth v. Delgros***, 183 A.3d 352, 361 (Pa. 2018). None of these exceptions are applicable in the instant case. Accordingly, we dismiss Loucks's ineffective assistance of counsel issue without prejudice to raise this claim in a timely PCRA petition. ***See Commonwealth v. Stollar***, 84 A.3d 635, 652

(Pa. 2014) (dismissing, pursuant to **Holmes**, the appellant's ineffective assistance of counsel claims raised on direct appeal without prejudice to pursue them on collateral review).

As we cannot find any additional meritorious issues in the record, and we agree with Attorney Beardsley that Loucks's appeal is frivolous, we grant his petition for leave to withdraw from representation.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judge Dubow joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/01/2023